UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMIE PHILLIP PERRY,

                Petitioner,

v.

BERRIEN COUNTY SHERIFF'S
DEPARTMENT et al.,

                Respondents.

_____/

Case No. 1:25-cv-1782

Honorable Robert J. Jonker

## **OPINION**

Petitioner is a pretrial detainee currently held at the Berrien County Jail in St. Joseph, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), alleging that he is detained in violation of his federal constitutional and statutory rights. He asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. This matter is presently before the Court for preliminary review under 28 U.S.C. § 2243. The Court will grant Petitioner leave to proceed *in forma pauperis*.

A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition is properly dismissed without prejudice because he has failed to exhaust his state court remedies.

## **Discussion**

### I.    **Factual Allegations**

As noted above, Petitioner is currently detained at the Berrien County Jail. He challenges his continued detention on the following grounds:

I.      U.S.C. Amendment 5th – Being held to answer for a cap[it]al offense without indictment. An[d] also without due Process.

II.     U.S.C. Amendment 6th Speedy Trial.

III.    U.S.C. Amendment 8th. Am unable to pay $ 2 million Bond.

IV.     U.S.C. 14th Amendment. The State has deprive[d] me of life for 26 months without providing particularly Justification for the violation of state const and U.S.C. The State has deprived me of liberty by violating my due Process rights.

(Pet., ECF No. 1, PageID.6–7.)

## II.    Exhaustion of State Court Remedies

28 U.S.C. § 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). While petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The United States Court of Appeals for the Sixth Circuit has approved consideration of a pretrial § 2241 petition in the following exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *see Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); (3) when

a petitioner claims that he has been subjected to excessive bail, *Atkins*, 644 F.3d at 549; and (4) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). As set forth above, Petitioner's stated grounds for relief suggest that he is being denied a speedy trial and subjected to excessive bail.

Even in a case such as this, where a pretrial detainee articulates a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner appears to acknowledge that he has not exhausted his state-court remedies. He does not claim that he has raised his habeas issues in the Michigan Court of Appeals or the Michigan Supreme Court. A search of the Michigan appellate courts dockets reveals that Petitioner

has filed at least two appeals to the Michigan Court of Appeals: *People v. Perry*, No. 380484 (Mich. Ct. App.) and *People v. Perry*, No. 380795 (Mich. Ct. App.). *See* www.courts.michigan.gov/case-search/ (search "Jamie Perry") (last visited June 18, 2026). The former appeal was filed with the assistance of appointed counsel. *See* https://www.courts.michigan.gov/c/courts/coa/case/380484 (last visited June 18, 2026). The appeal sought review of an order regarding Petitioner's competency. *Id*. The appeal was voluntarily dismissed on April 20, 2026. *Id*. The latter appeal was filed by Petitioner *in pro per*. *See* https://www.courts.michigan.gov/c/courts/coa/case/380795 (last visited June 18, 2026). The subject matter of the appeal is not stated in the docket. *Id*. It remains pending. *Id*. Petitioner has not filed any appeals in the Michigan Supreme Court. *See* www.courts.michigan.gov/case-search/ (search "Jamie Perry") (last visited June 18, 2026).

In Michigan, a challenge to pretrial detention is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Here, Petitioner has not demonstrated that any failure to exhaust should be waived to allow this Court to consider the merits of his § 2241 petition. It does not appear that Petitioner has sought relief under Michigan Court Rule 6.106(H), nor does it appear that Petitioner has sought relief pursuant to the state's habeas corpus remedy. To the extent Petitioner has pursued such remedies, he has not yet exhausted his appeals.

In sum, the Court concludes that Petitioner has not demonstrated exigent circumstances to waive exhaustion in this matter. Petitioner instead must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute, including all available appeals. Relief under § 2241 is not available until after Petitioner has exhausted his state court remedies.

III.    **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion or, alternatively, because the relief he seeks is not available by way of a pretrial habeas petition. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing

5

of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, dismissing the § 2241 petition for lack of exhaustion, and denying a certificate of appealability.

Dated:    June 18, 2026                          /s/ Robert J. Jonker
                                                 Robert J. Jonker
                                                 United States District Judge

6